IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONNELL FLOURNOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:08-cv-453-WKW |
| | ) | |
| EAGLE TOWING COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the undersigned Magistrate Judge upon Plaintiff's filing of a Complaint. Compl. (Doc. #1) at 1. For the reasons that follow, the undersigned RECOMMENDS the Court DISMISS without prejudice Plaintiff's federal claims against all named Defendants. Having recommended the dismissal of the federal claims, the Magistrate Judge further RECOMMENDS the Court DECLINE to exercise supplemental jurisdiction over the state civil law claims. Accordingly, the undersigned RECOMMENDS complete DISMISSAL of the Complaint without any opportunity for amendment and prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) (2000).

**I.    BACKGROUND**

Donnell Flournoy (Flournoy) commenced this action on June 10, 2008. Compl. (Doc. #1). Pursuant to 28 U.S.C. § 636(b)(1), the Honorable William Keith Watkins, United States District Judge, referred this case to the undersigned for all pretrial

proceedings and entry of any orders or recommendations as may be appropriate.  Order of June 19, 2008 (Doc. #3).  The undersigned then granted Flournoy permission to proceed *in forma pauperis*, but stayed service of process, to review the Complaint under 28 U.S.C. § 1915(e)(2)(B).  Order of July 8, 2008 (Doc. #7); see also Order of June 19, 2008 (Doc. #4).

Flournoy's Complaint, as amended, asserts a civil rights action under 42 U.S.C. § 1983 for monetary damages.  Am. Compl. (Doc. #6) at unnumbered pages 1-2.  Flournoy names Sergeant Will Benny (Sergeant Benny) in his official capacity, Officer Courtney McGee (Officer McGee) in her official capacity, Eagle Towing Company (Eagle Towing), a private corporation, and the City of Dothan Police Department, as Defendants.  Am. Compl. (Doc. #6) at unnumbered page 1.  Liberally construing the Complaint, as the Court must, and as best as the Court can discern, Flournoy claims on or about January 18, 2008, Sergeant Benny pulled over Flournoy for traffic "defects" on his truck.  Sergeant Benny then discovered an outstanding warrant for Flournoy's arrest.  Flournoy was arrested.  Officer McGee cuffed and escorted Flournoy to her patrol car.  While attempting to get into the backseat of the patrol car, Flournoy claims he told Officer McGee that Flournoy was disabled and asked the officer to move her seat forward to assist Flournoy in getting into the car.  Flournoy claims Officer McGee pushed him into the car backwards, kicked his legs, and called him a "nigger."  Id.  Flournoy claims

2

another officer arrived at the scene,[1] talked to Officer McGee, and then placed Flournoy in the unidentified officer's car.  Eagle Towing at some point towed Flournoy's truck to its lot.

Based on these allegations, Flournoy alleges Sergeant Benny and Officer McGee violated Flournoy's constitutional rights to due process, freedom from racial discrimination, and cruel and unusual punishment[2] under the Fourteenth Amendment. Am. Compl. (Doc. #6) at unnumbered page 2.  Flournoy further contends Sergeant Benny failed to supervise Officer McGee and negligently failed to inventory Flournoy's property contained within his truck and tool box.  In addition, Flournoy appears to charge Officer McGee with assault and battery under Alabama law.  With regard to Eagle Towing, Flournoy argues the company damaged his truck, stole or destroyed his property on the truck and used "racial slurs" in talking with Flournoy.  Am. Compl. (Doc. #6) at 1.[3]

---

[1] The Court points out the original Complaint alleges Sergeant Benny ordered Officer McGee to stop the alleged assault on Flournoy.  Compl. (Doc. #1) at 3.

[2] Flournoy improperly relies on the Eighth Amendment in this Complaint to assert this claim.  Am. Compl. (Doc. #6) at unnumbered page 2.  When the plaintiff, like Flournoy, is a pretrial detainee, claims of cruel and unusual punishment sound properly in the Fourteenth Amendment right to due process as opposed to the Eighth Amendment. See Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 n.6 (11th Cir. 1997). Nevertheless, the applicable standard is the same under either provision.  See Marsh v. Butler County, Ala., 286 F.3d 1014, 1024 n.5 (11th Cir. 2001) (*en banc*).

[3] The Court points out Flournoy mentions this Court's ability to appoint counsel to *pro se* litigants.  Am. Compl. (Doc. #6) at unnumbered page 2.  Flournoy, however, does not expressly request counsel, nor has he properly moved the Court for appointed counsel. Even assuming Flournoy requests appointment of counsel, appointment would not be appropriate in this instance.  While the Court may appoint counsel to represent an

Because Flournoy proceeds *in forma pauperis*, subsection 1915(e)(2)(B) obligates the Court to dismiss a case at any time if it determines that the action or appeal is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At any stage of the proceedings, a case is frivolous under § 1915(e)(2)(B)(i) when it appears the plaintiff "has little or no chance of success." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Harris v. Menendez, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Dismissals for failure to state a claim under subsection 1915(e)(2)(B)(ii) are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. Davis v. Monroe

---

indigent litigant, 28 U.S.C. § 1915(e)(1) (2000); 42 U.S.C. § 2000e-5(f)(1), it "should appoint counsel only in exceptional circumstances." Bass v. Perrin, 170 F. 3d 1312, 1320 (11th Cir. 1999) (citations omitted). The mere fact that Flournoy would be aided by counsel does not amount to exceptional circumstances. See id. ("The plaintiffs, like any other litigants, undoubtedly would have been helped by the assistance of a lawyer, but their case is not so unusual that the district court abused its discretion by refusing to appoint counsel.").

County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Sys., Inc., 119 F.3d 922, 923 (11th Cir. 1997). The Court now applies these standards to Flournoy's claims.

II.   DISCUSSION

    A.   **Dismissal of the City of Dothan Police Department**

As stated above, Flournoy makes no specific allegations against the City of Dothan Police Department. Dismissal of the action against this party is therefore appropriate.

    B.   **Federal Claims against Sergeant Benny and Officer McGee**

Because Flournoy sues Sergeant Benny and Officer McGee in their official capacities only, he has essentially sued the entity they represent. See Shows v. Morgan, 40 F. Supp. 2d 1345, 1361 (M.D. Ala. 1999) (citing Ky. v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.") (citations and quotations omitted)). In other words, Flournoy's claims against Sergeant Benny and Officer McGee are asserted against the City of Dothan. See Brooks v. City of Dothan Police Dep't, 562 So.2d 162, 163 (Ala. 1990) (describing a suit against a police department as one "against the City of Dothan"); see also Pompey v. Broward County, 95 F.3d 1543, 1545-46 n.2 (11th Cir. 1996).

5

The Supreme Court has placed strict limitations on municipal liability under section 1983.  Municipalities may not be held liable for constitutional deprivations on the theory of *respondeat superior*.  Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001).  It is well-settled that to sue a municipality under § 1983, "the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom."  Cooper v. Dillon, 403 F.3d 1208, 1221 (11th Cir. 2005); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978) (holding that a § 1983 action against a governmental body may be brought where the alleged unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or those "visited pursuant to governmental custom").[4]  "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality.  A custom is a practice that is so settled and permanent that it takes on the force of law."  Cooper, 403 F.3d at 1221 (quotation and citations omitted).  "There are three ways to show a governmental policy or custom:  (1) an express policy; (2) a widespread practice that is so permanent and well-settled as to constitute a custom; or (3) the act or decision of a municipal official with final policy-

---

[4] A "threshold identification of a custom or policy" should initially be made to ensure that a municipality is "held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or those officials whose acts may fairly be said to be those of the municipality."  McDowell v. Brown, 392 F.3d 1283, 1290 (11th Cir. 2004).

making authority." Hyath v. City of Decatur, 2006 U.S. Dist. LEXIS 21184, at *29-30 (N.D. Ga. Mar. 28, 2006).

Moreover, "municipal liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986); see also Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994) ("Only those municipal officers who have final policymaking authority may by their actions subject the government to § 1983 liability."). "State and local positive law determine whether a particular official has final policymaker authority for § 1983 purposes." Cooper, 403 F.3d at 1221.

Flournoy's Complaint does not allege any custom or policy implemented, executed, adopted, or promulgated by Sergeant Benny or Officer McGee, nor does Flournoy allege either officer has final policymaking authority so that their actions during the arrest would subject the City of Dothan to liability under § 1983. Thus, Flournoy has failed to state a claim upon which relief can be granted.

Flournoy's federal claims against Sergeant Benny must fail for another reason; these claims appear based solely upon the Sergeant's status as a supervisor over Officer McGee. Under § 1983, as discussed above, liability will not be imposed solely on the basis of *respondeat superior* or vicarious liability. See Monell v. Dep't of Soc. Serv., 436

U.S. 658, 690-92 (1978); Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164 (1994). Supervisors, like Sergeant Benny, however, are not wholly immune from suit under § 1983. Supervisory liability attaches only when the supervisor personally participates in the allegedly unconstitutional acts of his subordinates or where the actions of the supervising official bear a causal relationship to the alleged constitutional deprivation. Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 802 (11th Cir. 1998) (quoting Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Flournoy's Complaint fails to allege Sergeant Benny personally participated in the alleged assault. Indeed, the Complaint is silent as to Sergeant Benny's whereabouts during this time. The Complaint also fails to show Sergeant Benny's actions in pulling over Flournoy bear a causal relationship to the events which occurred following the stop and the discovery of the arrest warrant. Even assuming – though not alleged expressly – Sergeant Benny had notice of Officer McGee's alleged assault, the single incident claimed in the Complaint does not constitute widespread abuse sufficient to notify

8

Sergeant Benny of the need to correct Flournoy's alleged deprivations.[5]  Dismissal is therefore appropriate.

### C.   Federal Claims against Eagle Towing

To the extent Flournoy sets forth a Fourteenth Amendment claim against Eagle Towing, the undersigned concludes dismissal of that claim is appropriate.  Flournoy has failed to allege any facts indicating Eagle Towing acted under color of state law – a jurisdictional requisite for a section 1983 action.

To set forth a claim for relief under 42 U.S.C. § 1983, "a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law."  Holmes v. Crosby, 418 F.3d 1256 (11th Cir. 2005) (emphasis added) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).  Defendants acting under color of state law are "clothed with the authority of state law," West, 487 U.S. at 49 (citations omitted), and their "deprivation of a federal right [must] be fairly attributable to the State."  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).  Put differently, to act under color of state law within the meaning of § 1983, the private party must act either jointly or with or through a state actor.  Id. (citing Tower v. Glover, 467 U.S. 914, 920 (1984); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)).

---

[5]The Court points out in the original Complaint, Flournoy had in fact alleged Sergeant Benny stopped Officer McGee from kicking Flournoy.  Compl. (Doc. #1) at 3.

Thus, "[o]nly in rare circumstances will a private party be viewed as a state actor for § 1983 purposes." Schultz v. Ashcroft, 174 F. App'x. 534, 538 (11th Cir. 2006).

There are no facts in the Complaint, as amended, supporting Flournoy's allegation that Eagle Towing acted in concert with or through a state actor. Indeed, Flournoy's § 1983 claim against Eagle Towing requires a great deal of inference, as Flournoy merely charges Eagle Towing with stating "racial slurs" at Flournoy. Am. Compl. (Doc. #6) at unnumbered page 1. The Complaint fails to allege how these statements were in any way connected with or to a state actor. Flournoy therefore has failed to establish a sufficient nexus between Eagle Towing and any state actor. See Schultz v. Ashcroft, 174 F. App'x. at 538 (finding that plaintiff failed to establish a sufficient nexus between the private attorney and the state defendants because the attorney was not present during the execution of an injunction–the event from which plaintiff's § 1983 claims arose). Moreover, Flournoy has not even alleged Eagle Towing is a state actor. This Court consequently does not have subject matter jurisdiction over Flournoy's federal claim against Eagle Towing and dismisses the claim. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (citations omitted) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."); Nail v. Cmty. Action Agency of Calhoun County, 805 F.2d 1500, 1501 (11th Cir. 1986).

    D.    **State Law Claims**

Flournoy alleges various state law claims against each Defendant. The undersigned also dismisses these claims. If the federal claims over which the court has original jurisdiction are dismissed, the court may decline to exercise jurisdiction over state law claims. See 28 U.S.C. § 1367(c)(3); McCulloch v. PNC Bank, Inc., 298 F.3d 1217, 1227 (11th Cir. 2002). In view of this Court's decision to dismiss Flournoy's federal claims, the undersigned declines to exercise jurisdiction over any supplemental state law claims and dismisses those claims. Id.

### III.  CONCLUSION

For the reasons discussed above, the undersigned Magistrate Judge recommends DISMISSAL *without prejudice* of Flournoy's federal claims against all named Defendants. Having dismissed the federal claims, the undersigned further recommends the District Court DECLINE to exercise supplemental jurisdiction over the state civil law claims. Accordingly, I recommend DISMISSAL of the entire Complaint, as amended, without any opportunity for amendment and prior to service of process under 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before July 28, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties

are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Sec., Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 14th day of July, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE